IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JAMES ACKERMAN, *Sons of Mental Illness*,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF BEHAVIORAL HEALTH; KIM WELCH; DR. KAREN MURPHY, *secretary*; and GOV. TOM WOLF,<br><br>Defendants. | 2:15-cv-1326 |

## MEMORANDUM ORDER OF COURT

Pending before the Court is a MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS filed by Pro Se Plaintiff William James Ackerman. Mr. Ackerman is no stranger to this Court. Over the past three years, Mr. Ackerman has filed six separate lawsuits—all of which were ultimately dismissed as frivolous—against "Mercy Behavior(al) Health," "Ray(mond) Wolf, "Mental Health Court," Western Psychiatric Institute Clinic, the Office of Behavior Health, and the presumed employees of those entities. *See Ackerman v. Mercy Behavior Health*, 2:12-cv-01807-TFM (W.D. Pa. Dec. 11, 2012); *Ackerman v. Mental Health Court*, 2:13-cv-00173-TFM (W.D. Pa. Feb. 1, 2013); *Ackerman and Sons of Mental Illness v. Western Psychiatric Institute Clinic*, 2:13-cv-00388-TFM (W.D. Pa. March 18, 2013); *Ackerman v. Office of Behavior Health*, 2:13-cv-00417-TFM (W.D. Pa. March 21, 2013); *Ackerman v. Mercy Behavior Health*, 2:14-cv-1199-TFM (W.D. Pa. Sept. 4, 2014); *Ackerman v. Mercy Behavior Health*, 2:15-cv-00304-TFM (W.D. Pa. March 4, 2015); *see also Ackerman v. Mercy Behavior Health*, No. 14-4036, 2015 WL 4709574 (3d Cir. Aug. 7, 2015); *Ackerman v. Mercy Behavior Health*, No. 15-1822, 2015 WL 3960893 (3d Cir. June 30, 2015. This action marks the seventh such occasion. For the reasons that follow,

the Court will grant Mr. Ackerman's motion to proceed *in forma pauperis* but will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915.

A district court must use a "two-step analysis in evaluating motions to proceed under § 1915." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court must first evaluate the plaintiff's "financial status and determine[ ] whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id.* The determination of whether to grant or deny IFP status is "based on economic criteria alone." *Id.* Second, the court must analyze the complaint "under § 1915(d) to determine whether it is frivolous." *Id.* A complaint is frivolous only if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Id.* at 195 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). In making this determination, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 327-29). Nevertheless, "when presented with a pro se litigant, [the Court] ha[s] a special obligation to construe his complaint liberally." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted).

Upon a review of Mr. Ackerman's financial status, the Court finds that he is unable to pay the requisite filing fee, and therefore, his motion to proceed *in forma pauperis* is **GRANTED**. A review of his twenty-one page Complaint, the seventeen pages of attaches exhibits, and his six-page motion for miscellaneous (and multiple) relief(s), makes clear, however, that his filings lack an arguable basis in law or fact.

The filing labeled "Complaint" begins with a disjointed narrative throughout which Mr. Ackerman often recounts allegations raised in earlier pleadings, such as the alleged institutional abuse at Mercy as well as the several retaliatory actions its employees and law enforcement took against him. The remainder of the Complaint is largely unintelligible. It appears to detail some sort of ongoing sexual exploitation of mental health patients and/or mistreatment by Mercy staff and/or

doctors, therapists, and other workers. The Complaint concludes with a series of questions that appear to frame those allegations in a different manner. Yet they, too, are difficult to decipher.

The exhibits attached to the Complaint fare no better. The first filing – a ten page document labeled "What the Complaint [is] About" – appears to reference (as with his pleadings in earlier cases) various federal and state statutes (e.g., the ADA, FTCA, FLSA, NLRA, HIPPA, RICO, etc. ), and list the various forms of relief that he seeks (e.g., ordering the testing of all mental health staff in Pennsylvania and Allegheny County, instituting the right to vote for leadership roles at Mercy, accelerating/facilitating the construction of larger building, etc.). In no intelligible manner does Mr. Ackerman explain the relevance of these statutes or set forth the basis on which the Court should grant those various forms of relief. And similar to his Complaint, the second exhibit rephrases many of these allegations, citations, and demands in question form.

Mr. Ackerman's motion for miscellaneous relief also is without merit. Among other things, the motion seeks a court order to schedule depositions, issue subpoenas, charge Mercy employees with crimes, and revoke professional licenses. It also lists various criminal statutes, makes some incomprehensible request for a "writ of charges" on Governor Tom Wolf, "Mrs. Cook," and "Alex," and seeks to set up some form of payment plan with the Clerk of Court.

In sum, the Court finds that there is no logical construction of Plaintiff's Complaint from which the Court may derive a viable claim against the named Defendants and that Mr. Ackerman could not cure the deficiencies by amendment. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to docket this case closed.

**SO ORDERED**, this 14th day of October, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: WILLIAM JAMES ACKERMAN
200 Knoedler Road
Apartment 912
Pittsburgh, PA 15236

(via First-Class and Certified Mail)